**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Priority | |
| Send | |
| Enter | |
| Closed | |
| ~~JS-5~~/JS-6 | X |
| Scan Only | |

**CASE NO.:** CV 14-07048 SJO (MANx)   **DATE:** November 18, 2014

**TITLE:** Joshua Roberson et al. v. TWC Administration LLC et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

R. Neal for Victor Paul Cruz   Not Present
Courtroom Clerk   Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**   **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present   Not Present

========================================================================
**PROCEEDINGS (in chambers):** ORDER REMANDING ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR LACK OF SUBJECT MATTER JURISDICTION

On July 25, 2014, Plaintiffs Joshua Roberson and Paul Hendrickson (collectively, "Plaintiffs") filed the instant action against Defendants TWC Administration LLC and Time Warner Cable Service LLC (collectively, "Defendants") in the Superior Court of California for Los Angeles County. (*See generally* Notice of Removal ("Notice"), ECF No. 1, Ex. A ("Compl.").) Plaintiffs allege claims for wrongful termination of employment in violation of public policy, breach of contract, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, negligent infliction of emotional distress, unpaid wages, waiting time penalties, and unfair business practices. (Compl. ¶¶ 70-114.) Defendant removed the action to this Court on September 9, 2014, (*see* Notice 1), asserting subject matter jurisdiction based on diversity of the parties. (Notice ¶¶ 3-5, 7-8, 12-13.)

The Court finds it necessary to consider the issue of its jurisdiction *sua sponte*. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action."). Under the removal statute, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). District courts must "strictly construe the removal statute" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted) (citation omitted).

Diversity jurisdiction requires complete diversity of the parties; each plaintiff must have state citizenship different from each of the defendants. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). For purposes of diversity, Corporations are citizens of their state of incorporation and the state in which they have their principal place of business, 28 U.S.C. § 1332(c), individuals are citizens of their state of domicile, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001), and limited liability companies (LLCs) share the citizenship of their members, *Johnson v. Columbia Props. Anchorage, LP*, 437

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:   CV 14-07048 SJO (MANx)          DATE:   November 18, 2014

F.3d 894, 899 (9th Cir. 2006).  Where the removing party is a LLC, it must allege the citizenship of each member in order to meet its burden.  See *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011) (finding that the defendant LLCs failed to satisfy their burden to show complete diversity of citizenship where they failed to state the citizenship of their members).

Defendants alleges that they are LLCs formed under the laws of Delaware with their principal place of business in New York.  (Notice ¶ 4.)  This information, however, does not reveal Defendants' citizenship for diversity purposes because they are LLCs and not corporations.  The absence of information in Defendants' Notice regarding the citizenship of their members makes it impossible for the Court to know whether any members are citizens of California, which would render Defendants' citizenship non-diverse from that of Plaintiffs.  See *Lindley Contours*, 414 F. App'x at 64-65.  The Court will not infer jurisdiction where Defendants have failed to meet their burden.  (*See* Initial Standing Order for Cases Assigned to Judge S. James Otero  ¶ 15 (revised Oct. 16, 2013).)  Accordingly, the Court **REMANDS** this action to the Superior Court of California for Los Angeles County.  This matter shall close.

IT IS SO ORDERED.